IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | |
|---|---|---|
| | : | CHAPTER 13 |
| MYLES L. HINKLE, | : | |
| | : | CASE NO. 5-11-bk-00537 RNO |
| Debtor | : | |

# **OPINION**[1]

This Chapter 13 case presents the following question. Can a debtor's plan providing for modified payment of an oversecured claim beyond the loan maturity date be confirmed, over the objection of the creditor? I find that it cannot and will, therefore, sustain the objection to the plan.

## I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2). This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## II. Procedural History

Myles L. Hinkle ("Debtor") filed a Chapter 13 bankruptcy petition on January 27, 2011. His original Chapter 13 Plan was filed on April 26, 2011 and a First Amended Chapter 13 Plan was filed on October 26, 2011. Objections to the First Amended Plan were sustained and a Second Amended Chapter 13 Plan was filed on April 19, 2012 ("Plan").

Timely Objections to confirmation of the Plan were filed by the Jim Thorpe National Bank ("Bank"). On June 15, 2012, the Debtor filed his letter brief in support of confirmation of the Plan. On June 18, 2012, the Bank submitted its letter brief in support of its Objections to confirmation of the Plan. Oral argument was heard on June 26, 2012, and this matter is now ripe

---

[1] Drafted with the assistance of James Y. Park, Juris Doctor Candidate 2014, Rutgers Camden School of Law, Judicial Intern.

for decision.

**III.    Analysis**

    **A.    The Nature of the Bank's Claim**

The Bank timely filed its amended secured Proof of Claim in the amount of $204,718.85 ("Claim").  The Claim has not been objected to and is, thus, an allowed claim.  11 U.S.C. § 502(a)[2]; *Boring v. Promistar Bank*, 312 B.R. 789, 794 (W.D.Pa. 2004).  Also, the Debtor and the Bank stipulated on the record that the Bank's claim is oversecured.  That is, the value of the Bank's collateral exceeds the amount of its Claim. § 506; *In re Weedling*, 205 F.Appx. 955, 960, FN2 (3d Cir. 2006); *In re Smith*, 463 B.R. 756, 765 (Bankr. E.D.Pa. 2012).

The Claim is secured by two parcels of real estate as well as by certain business assets; all of which are owned by the Debtor.  The real estate collateral includes the Debtor's residence and a commercial property.  Since the loan collateral is not limited to the Debtor's principal residence, § 1322(b)(2), which is known as the anti-modification clause, does not apply to the Plan.  *In re Hammond*, 27 F.3d 52, 55 (3d Cir. 1994); *In re Laws*, 163 B.R. 449, 451-52 (E.D.Pa. 1994); *In re Trosky*, 371 B.R. 701, 707 (Bankr. M.D.Pa. 2006).  However, the Debtor's ability to modify the Claim in the Plan is not completely unfettered.

    **B.    Treatment of the Bank's Claim in the Plan**

There are several provisions in the Plan which affect the Claim.  Paragraph 2.F of the Plan provides that the Debtor will surrender to the Bank a portion of the loan collateral – the commercial real estate and the business equipment.  Further, paragraph 8 of the Plan provides

---

[2]     Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

that the Debtor and the Bank shall execute a loan modification agreement. The terms of the loan modification are specified, including, reductions in the principal balance and the applicable interest rate. The loan modification terms also include extending the loan maturity date from December 1, 2023 to November 1, 2028. Paragraph 8 of the Plan indicates that monthly payments to the Bank are anticipated to commence on or about July 1, 2017. Paragraph 1.A of the Plan provides that plan payments will be made by the Debtor to the Trustee from May 2012 until May 2016.

I take judicial notice, pursuant to Federal Rule of Evidence 201, of the docket in this Chapter 13 case. *In re Argus Group 1700, Inc.*, 206 B.R. 737, 742 (Bankr. E.D.Pa. 1996). The fact that a Bankruptcy Judge takes judicial notice of the Bankruptcy Court's records does not infer the truth of the facts contained in the documents which may still have to be proven by admissible evidence. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008). I take judicial notice that the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Form B22C, indicates that the Debtor is a below median income debtor. The applicable commitment period for a below median income Chapter 13 debtor is three years. § 1322(d).

    C.    **Burden of Persuasion for Confirmation**

In deciding this case, it is important to keep in mind the appropriate burden of proof. The Debtor bears the burden of persuasion that the Plan meets the statutory requirements for confirmation. *In re Cope*, 2010 WL 376380, 2 (Bankr. E.D.Pa. 2010); *In re Ponce*, 2009 WL 3335871, 3 (Bankr. M.D.Pa. 2009); *see also In re Davis*, 392 B.R. 132, 134 (Bankr. E.D.Pa. 2008). The Debtor and the Bank agree that whether or not the Plan can be confirmed hinges

3

upon the correct interpretation of the provisions of § 1322.  Not surprisingly, the parties present divergent views of the correct interpretation.

The Debtor's argument includes the following:

> Courts have held that the provisions of 1322(b)(2) and 1322(b)(5) are not mutually exclusive and a debtor may both modify the terms of a non-residential secured loan and cure the default on that loan. Moreover, the payments do not have to be made by the conclusion of the plan notwithstanding 1322(d).

(Citations omitted.)  Debtor's Br. in Supp. 3, Docket No. 110.

The Bank argues that the requirements of § 1322 are much more restrictive. It asserts, "[a]n over secured creditor is not subject to modification of its claim for a period that exceeds the life of the plan." (Citations omitted.)  Bank's Br. in Opp'n. 2, Docket No. 111.

### D. Can the Plan be Confirmed?

Section 1322 contains both mandatory and permissive provisions for Chapter 13 plans. For example, under § 1322(a), the plan *shall* provide for payment in full of claims entitled to priority under § 507 of the Bankruptcy Code. § 1322(a)(2).  On the other hand, pursuant to § 1322(b), a plan *may* modify the rights of holders of secured claims, other than a claim secured only by the debtor's principal residence. § 1322(b)(2).

I conclude that several provisions of § 1322 must be construed to determine whether the Plan can be confirmed.

As noted above, one of the permissive provisions in § 1322 is that a plan may modify the rights of holders of secured claims when the collateral is not solely the debtor's principal residence.  There is no disagreement that this is the case with respect to the Claim.  The principal issue which I must decide is whether modification of the Claim can only occur within the term of

4

the Plan.

The Vermont District Court recently considered the Bankruptcy Court's confirmation of a Chapter 13 plan over the objection of the mortgagee. The Court noted that the plan modified the mortgage and provided that payments would be made outside of the plan once the plan was completed. It also noted that modification of such a secured claim is a permissive provision which is subject to certain limitations. The District Court held that if a debtor modifies the terms of the note and mortgage, all payments for the secured portion of the claim must be completed during the term of the subject plan. *JPMorgan Chase Bank, Nat. Ass'n v. Galaske*, 2012 WL 2153270, 4 (D.Vt. 2012).

The *Galaske* decision is in accord with other recent decisions which also considered the requirements of § 1322. *In re Bell*, 2011 WL 2712755, 3 (D.Mass. 2011) noted:

> Upon modifying a claim, courts have consistently held that a debtor must choose one of two options: i) the debtor may modify the terms of the note and mortgage, in which case all payments for the secured portion of the claim must be completed during the term of the Plan and cannot extend the life of the Plan; or ii) the debtor may cure the mortgage default and maintain the same payments of principal and interest under the current note during the life of the plan and beyond, as necessary for the total principal to equal the amount of the secured claim.

(Internal citations omitted.) The plan in *Bell* provided that the mortgage claim would be modified by the debtor giving a new note and mortgage which would be payable over a thirty year term, with payments commencing the first business day of the month after confirmation of the plan. The Massachusetts District Court affirmed the Bankruptcy Court's denial of confirmation finding that the proposed modification, which included payment terms extending beyond the term of the plan, was impermissible.

5

*In re Martin*, 444 B.R. 538 (Bankr. M.D.N.C. 2011) is in accord with *Galaske* and *Bell*. In that case, the Bankruptcy Court considered a plan which modified a secured claim by changing the interest rate, amortizing the stated fair market value of the property over 108 months, and amortizing existing mortgage arrearages in the modified loan. The *Martin* court denied confirmation of the plan holding that it violated the provisions of § 1322(d) which requires that a modified claim be paid during the term of the plan.

The Bank's Brief has cited ample authority which is in accord with the above cases. *In re Hussain*, 250 B.R. 502, 508 (D.N.J. 2000) (any modifications proposed by a debtor through the Chapter 13 plan must comply with the statutory limitations of § 1322(d), thereby requiring modified secured claims to be paid in full before the final payment under the Chapter 13 plan). The Bank's Brief also cites the Ninth Circuit's decision in *In re Enewally*, 368 F.3d 1165 (9th Cir. 2004). There, the Court of Appeals held that § 1322(b)(2) does not authorize modification of a secured creditor's claim with payments extending beyond the plan term. *Enewally* at 1172. Similarly, the Bank cited the decision of the Bankruptcy Court for the Southern District of Florida which found "Section 1322(b)(2) does not allow a modified secured debt to be paid over a period of time longer than the plan terms, and the debtors' proposed plan modification must be disallowed". *In re Valdes*, 2010 WL 3956814, 4 (Bankr. S.D.Fla. 2010).

The Debtor's Brief offers some authority in support of confirmation of the Plan over the objection of the Bank. Page three of the Debtor's Brief cites *In re Gilbert*, _____ B.R. _____, 2012 WL 1983338 (Bankr. S.D.Fla. 2012). I first note that the Court in *Gilbert* was not considering confirmation of a Chapter 13 plan. Rather, the Court considered a debtor's motion to allow her to make mortgage payments beyond the term of the plan and determine the

6

treatment of the arrears. *Gilbert* expresses the minority view that a Chapter 13 debtor may both modify a partially secured claim and simultaneously invoke the "cure and maintain" provisions of § 1322(b)(5). The Debtor's Brief also cites another Southern District of Florida Bankruptcy Court decision, *In re Elibo*, 447 B.R. 359 (Bankr. S.D.Fla. 2011). *Elibo*, like *Gilbert*, considered a debtor's motion, rather than confirmation of a Chapter 13 plan. In the motion, the debtor sought to extend the mortgage beyond the term of the Chapter 13 plan. The creditor in *Elibo*, like the Bank here, argued that the debtor could not invoke § 1322(b)(2) to modify the secured claim while also extending the resulting payments beyond the plan term under § 1322(b)(5). The *Elibo* Court recognized that many courts view the provisions as mutually exclusive. However, it concluded:

> This Court agrees that sections 1322(b)(2) and 1322(b)(5) are not mutually exclusive. However, in order to use subsection (b)(2) in conjunction with subsection (b)(5), the debtor must modify the rights of the creditor *without* changing the repayment terms of the loan. A change in the amount of the monthly payments hardly constitutes maintenance of payments.

(Internal citations and quotations omitted.) *Elibo* at 363. The *Elibo* Court denied the debtor's motion because the debtor did not propose to maintain the pre-petition monthly payments at the original interest rate until the creditor's allowed secured claim was paid in full.

I do not view the *Elibo* decision as strongly supporting the Debtor's argument in this case. Paragraph 8 of the Debtor's Plan provides that no monthly payments shall be made to the Bank on the Claim until a separate, second lien mortgage, secured by the Debtor's residence, has been paid "anticipated to be July 1, 2017". Debtor's Second Am. Plan ¶ 8, Docket No. 98. I conclude that in the Plan, the Debtor seeks to modify the payment terms on the Claim. I also conclude that *Elibo* does not authorize such treatment.

7

> In this case, the proposed treatment of the Creditor's secured claim violates section 1322(b)(5) and thus the Debtor's amended plan cannot be confirmed. If the Debtor wishes to pay the Creditor's allowed secured claim in the amount of $88,339.00 over a period longer than the five year plan term, the Debtor must cure any defaults "within a reasonable time" and maintain the pre-petition monthly payments at the original interest rate until the Creditor's allowed secured claim is pain in full. If the Debtor wishes to *modify any of the terms of the original debt*, other than via bifurcation of the claim under section 506(a), the Debtor *must make all payments on the secured claim within the time restrictions of section 1322(d)*.

(Emphasis added). *Elibo* at 364-365.

### IV. Conclusion

I conclude that confirmation of the Plan must be denied. Section 1322(b)(2) does allow a Chapter 13 debtor to modify a secured claim, other than a claim secured only by the debtor's principal residence. In effecting such a modification, a debtor is asserting rights which exist only under the provisions of the Bankruptcy Code. Where modification is permitted under § 1322(b)(2), it is also subject to the limitations of § 1322(d) which provides that ". . . the plan may not provide for payments over a period that is longer than 5 [or 3] years". I find that the subject Plan is not a permissible "cure and maintain" plan under § 1322(b)(5) where regular payments would continue during and after the plan and pre-petition arrearages would be cured through the plan. Neither is it an acceptable modification under § 1322(b)(2) with payment of the allowed secured Claim during the term of the Plan.

Numerous courts have found that nothing in the Bankruptcy Code indicates an intention by Congress to depart from the longstanding rule that liens pass through bankruptcy unaffected. *Dewsnup v. Timm*, 502, U.S. 410, 417, 112 S.Ct. 773, 778 (U.S. 1992); *Greater American Land Resources, Inc. v. Town of Brick, N.J.*, 2012 WL 1831563, 3 (D.N.J. 2012); *In re Muma*

8

*Services, Inc.*, 322 B.R. 541, 551 (Bankr. D.Del. 2005). Consistent with this enduring principle, any allowable modification of the Claim must occur within the term of the Plan.

The Debtor has not met his burden of persuasion that the Plan meets the statutory requirements for confirmation. The Objections to confirmation are sustained. The Debtor will be allowed sixty days to file an amended plan consistent with this Opinion.

An Order will be entered consistent with the foregoing Opinion.

By the Court,

*[signature]*

Date: July 2, 2012

Robert N. Opel, II, Bankruptcy Judge

(BI)